OPINION
Plaintiff-appellant Beverly Buehrer ("Buehrer") brings this appeal from the judgment of the Court of Common Pleas of Henry County, Juvenile Division, denying her motion to terminate the visitation of Kenneth and Shirley Lambert ("the Lamberts") with her daughter.
Cheyenne Lambert ("Cheyenne") was born on April 16, 1996, to Buehrer and Dennis Lambert, the son of the Lamberts. In September of 1998, Lambert pled no contest to charges of sexual battery and kidnapping of Buehrer. He is currently incarcerated. On March 29, 1999, the Lamberts filed a complaint for visitation with Cheyenne under R.C. 3109.12. The trial court appointed a guardian ad litem to the case. The guardian ad litem's report recommended that visitation be granted to the Lamberts, but recommended that the visitation be supervised to alleviate the fears of Buehrer. On May 5, 2000, Buehrer and the Lamberts reached an agreement concerning the visitation. According to the agreement, the Lamberts would have supervised visitation at "The Meeting Place" and the visits would be taped. Buehrer would be permitted to have a personal representative present for the visits. Additionally, the Lamberts agreed to not say anything about their son, to say nothing negative about Buehrer, to not discuss their religious beliefs, to not give any information to their son about Cheyenne, to not take photographs, and several other restrictions as requested by Buehrer. The visits were to occur twice a month.
Subsequent to the consent judgment, the U.S. Supreme Court issued its decision in Troxel v. Granville (2000), 530 U.S. 57, 147 L.Ed.2d 49,120 S.Ct. 2054. Based upon the ruling in this decision, Buehrer filed a motion on August 24, 2000, to terminate visitation because the statute upon which the initial complaint was based was unconstitutional. Buehrer claimed that absent the court order, she would not permit any contact between any family members of Cheyenne's father and Cheyenne. She also claimed that the statute permitting the trial court to order visitation interfered with her rights to raise her child. An amended motion to terminate visitation was filed on March 2, 2001. The Lamberts filed their memorandum in opposition to the termination of parental rights on March 12, 2001. On May 1, 2001, the magistrate entered a decision finding that R.C. 3109.12 is not unconstitutional on its face. The matter was then heard on June 11, 2001. On December 26, 2001, the magistrate entered a decision denying the motion to terminate the Lamberts' visitation rights. No objections were filed to the magistrate's decision. On January 14, 2002, the trial court, subsequent to an independent review of the evidence, adopted the magistrate's decision and entered it as a final judgment. It is from this judgment that Buehrer appeals.
Buehrer raises one assignment of error.
 "The court failed to apply the correct standard of review and relied solely on the best interest test of the minor child while failing to give due deference to a fit parent's determination that non-parent visitation and companionship is not in the best interest of the minor child."
In her assignment of error, Buehrer claims that the best interest of the child does not apply if a "fit" parent does not wish for a non-parent to have visitation with the child. This argument is based upon the U.S. Supreme Court's decision in Troxel, supra. Buehrer argues that since the statute upon which the Lamberts' original complaint was filed did not require consideration of the parent's wishes specifically, the visitation should not have been granted and Buehrer should be permitted to unilaterally terminate it now. However, here the trial court did not make a decision based upon the statute in setting visitation. The judgment entry filed in response to the complaint for visitation was a consent order reached by agreement of Buehrer and the Lamberts. Thus, the trial court did not need to make any findings pursuant to the statute since the parties were in agreement. The sole issue before the trial court in this case was whether the visitation should be terminated, not whether it should have been granted originally.
The decision whether to modify visitation rights is governed by R.C.3109.051. Braatz v. Braatz (1999), 85 Ohio St.3d 40, 706 N.E.2d 1218. When considering whether to modify custody, the trial court shall consider the factors set forth in R.C. 3109.051(D). Id. The decision whether to grant a modification of visitation is within the sound discretion of the trial court. Id.
In this case, the trial court specifically addressed every factor listed in R.C. 3109.051(D). The trial court also gave great weight to the wishes of the Buehrer as required by Troxel. Specifically, the trial court found that Buerher did not wish Cheyenne to have contact with her paternal family.[1] She testified that she did not want any visits with any family member. The trial court noted that "other than complying with [Buehrer's] wish to completely eliminate the paternal grandparents from Cheyenne's life, all of [Buehrer's] wishes have been observed (e.g. requiring only supervised visitation, requiring that certain topics not be discussed during visitation, limiting the time and circumstances under which [the Lamberts] can see the child, etc.)." Judgment entry, 20-21. The trial court also found that a viewing of the video taped visits showed that Cheyenne and the Lamberts had a bond and that Cheyenne enjoyed her visits. Additionally, the trial court noted that the guardian ad litem recommended continuing the visits with the Lamberts and that Buehrer's concerns about the safety of her child with the Lamberts during the supervised visits were unfounded. Based on these findings, the trial court found that it was in the best interests of the child to continue visiting with her paternal grandparents. The evidence supports these findings and Buehrer did not file objections to these findings when made by the magistrate. Thus, the trial court did not abuse its discretion, and the assignment of error is overruled.
The judgment of the Court of Common Pleas of Henry County is affirmed.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.
[1] The wishes of Cheyenne's father was that his family have unsupervised contact with Cheyenne.